Jordan Deckenbach
Wyoming Bar No. 8-7207
Asst. Federal Public Defender
104 South Wolcott Street, Suite 601
Casper, Wyoming 82601
307-772-2781
Jordan_Deckenbach@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-84-ABJ |
| GEORGE OSTERTAG, | |
| Defendant. | |

**DEFENDANT'S MOTION TO REOPEN DETENTION PROCEEDINGS AND REQUEST FOR PRETRIAL RELEASE TO ATTEND RESIDENTIAL TREATMENT PROGRAM**

Defendant George Ostertag, through counsel, asks this Court to re-open the detention proceedings so that he may present information that was not known at the time of his supervised released revocation hearing on July 17, 2024. (ECF No. 28.) Since that hearing, Mr. Ostertag completed an updated substance abuse evaluation (ASI/ASAM) and has been accepted into the Volunteers of America (VOA) Northern Rockies men's residential treatment program at the Harmony House in Cheyenne, Wyoming. The VOA has a bed available in their 75–90-day program on Monday, September 30, 2024, if pre-trial release is granted. This facility

is best suited to address Mr. Ostertag's specific substance abuse issues. Mr. Ostertag's mother, Penny Gale, is available to transport him to the facility, and he will check in no later than 1:30 p.m. This information has a material bearing on the issue whether there are conditions of release that will reasonably assure his appearance at trial and the safety of the community, pursuant to 18 U.S.C. § 3142(f).

Counsel for Mr. Ostertag spoke with Assistant United States Attorney Paige Hammer regarding this request. AUSA Hammer opposes the release plan described herein. Counsel has also forward Mr. Ostertag's treatment admission letter to U.S. Probation for vetting and verification.

I.  BACKGROUND

Mr. Ostertag was charged by Indictment with one count of felon in possession of a firearm, in violation of 21 U.S.C. §§ 922(g)(1) and 924(a)(8), and one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). (ECF No. 1.) Mr. Ostertag was taken into federal custody on May 30, 2024. (ECF No. 14.) Mr. Ostertag's initial appearance on the indictment was held May 31, 2024, and his detention hearing followed on June 5, 2024. (ECF Nos. 8, 16.) At the detention hearing, Mr. Ostertag was released under pretrial supervision pending trial. (ECF No. 21.) A condition of Mr. Ostertag's pretrial release was that he refrain from the use of narcotics and submit to random testing. *Id.* On July 9, 2024, Senior U.S. Probation Officer Greg Lewis filed a petition seeking a warrant for Mr. Ostertag's arrest based on Mr. Ostertag's admission on June 5, 2024 y to methamphetamine use after his release, as well as a positive urinalysis test for methamphetamine

on June 28, 2024. (ECF No. 25.) Mr. Ostertag admitted his violations before the Honorable United States Magistrate Mark L. Carmen who ordered Mr. Ostertag detained pending trial. (ECF No. 30).

**ARGUMENT**

Mr. Ostertag requests that the Court re-open the detention hearing. Accordingly, to reopen a detention hearing a defendant must, first, "present information that was not known or available to him at the time of his original detention hearing," and then, second, show that such information "is material to and has a substantial bearing on whether he should remain detained." 18 U.S.C. § 3142(f)(2)(B).

There has been a substantial and material change that warrants re-opening and that was not known at the time of the last detention hearing. Since the last hearing, Mr. Ostertag has obtained the results of an updated ASI/ASAM evaluation and has applied to participate in the residential treatment program through the VOA. The VOA approved Mr. Ostertag for treatment on September 17, 2024, with a bed date of Monday, September 30, 2024, if pre-trial release is granted. (Ex. A.) At the time of the last detention hearing, the Court, nor counsel, had the benefit of an ASI/ASAM evaluation that reflected the true extent of Mr. Ostertag's previous use of methamphetamine. At the last hearing, the Honorable Magistrate Mark Carmen expressed concern for Mr. Ostertag's unmitigated use of a dangerous drug, methamphetamine, pending trial. Mr. Ostertag's enrollment into a residential treatment program pending resolution of his case is directly material to that concern and should have a substantial bearing on this Court's ability to find that

there are conditions that can be fashioned that would assure the safety of the community if Mr. Ostertag were released to treatment.

The VOA provides a residential treatment center that offers substance abuse treatment to men battling severe addiction issues. While at the VOA, patients are involved in various therapeutic, community, and recovery-oriented activities. Each patient is assigned a clinician upon admission and given a thorough intake interview. Patients thereafter are provided with extensive individual and group counseling designed to teach about the addiction process and how to deal with the psychological effects of addiction in a more productive manner. The VOA also provides groups on cognitive behavioral therapy. The VOA clinicians are specifically trained to help patients work through addiction issues and identify healthy coping mechanisms with the benefit of a structured, regimented environment.

Mr. Ostertag is requesting that he be released on pretrial bond so he can enter and complete the VOA's residential treatment program. He would reside in Cheyenne, Wyoming under the supervision of U.S. Probation and Pretrial Services, and he would comply with any conditions that the Court imposes to ensure his court appearances and the safety of the community. Being located in Cheyenne would also make Mr. Ostertag more readily available to counsel afterhours at the residential treatment center. Currently counsel is required to travel to Scottsbluff, Nebraska in order to consult in person with Mr. Ostertag contingent upon the jails scheduling availability.

I.   **CONCLUSION**

5

Mr. Ostertag respectfully requests that this Court set a hearing to reconsider detention in this matter.

DATED this 17th day of September 2024.

                                            Respectfully submitted,

                                            VIRGINIA L. GRADY
                                            Federal Public Defender

                                            */s/ Jordan Deckenbach*
                                            Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2024 the foregoing was electronically filed and consequently served on counsel of record.

*/s/ Jordan Deckenbach*
Assistant Federal Public Defender